SHARON AND RAYMOND HOWARD AND RAYMOND HOWARD, A PROFESSIONAL CORP., Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Howard v. Commissioner
Docket No. 10855-92
United States Tax Court
T.C. Memo 1993-315; 1993 Tax Ct. Memo LEXIS 318; 66 T.C.M. (CCH) 153; July 19, 1993, Filed *318 An appropriate order of dismissal granting respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was not timely filed will be entered. For respondent: Anthony S. Gasaway. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Stanley J. Goldberg pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GOLDBERG, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction filed July 24, 1992, on the ground that petitioners failed to file a timely petition within the meaning of sections 6213(a) or 7502. Petitioners filed a response and claim that they never received the notices of deficiency. *319 Furthermore, they seek to invoke our jurisdiction on the ground that they promptly filed their petition when they learned of the existence of the Federal tax liabilities in issue. The motion was scheduled for a hearing in St. Louis, Missouri, on Monday, January 25, 1993. When this case was called from the calendar, respondent's counsel appeared and was heard. Petitioners did not appear, nor did anyone appear on their behalf. The case was recalled on Wednesday, January 27, 1993, and again petitioners did not appear, nor did anyone appear on their behalf. Counsel for respondent appeared, made an opening statement, and proceeded with the hearing, offering exhibits which were received into evidence. The issue to be decided is whether petitioners filed their petition within the time prescribed by sections 6213(a) and 7502. Petitioners Sharon Howard and Raymond Howard resided in St. Louis, Missouri, when they filed their petition. The principal place of business of petitioner Raymond Howard, A Professional Corporation, was in St. Louis, Missouri, when the petition was filed on its behalf. On January 25, 1989, respondent mailed a notice of deficiency for the taxable year 1986 to *320 Raymond Jr. & Sharon Howard, 5 Babler Lane, St. Louis, MO 63124-1114. In the notice respondent determined a deficiency in petitioners' Federal income tax in the amount of $ 1,481, together with additions to tax under section 6653(a)(1)(A) in the amount of $ 74, and section 6653(a)(1)(B) in the amount of 50 percent of the interest due on the underpayment of tax. The notice was mailed to petitioners by certified mail, number P 901 626 820. On May 30, 1990, respondent mailed a notice of deficiency for the taxable year 1987 to Raymond Jr. & Sharon Howard, 5 Babler Lane, St. Louis, MO 63124-1114. In the notice respondent determined a deficiency in petitioners' Federal income tax in the amount of $ 196, together with additions to tax under section 6653(a)(1)(A) in the amount of $ 10, and section 6653(a)(1)(B) in the amount of 50 percent of the interest due on the underpayment of tax. The notice was mailed to petitioners by certified mail, number P 901 636 227. On July 2, 1990, respondent mailed a second notice of deficiency for the taxable year 1986 to Raymond Howard, Jr., Sharon Howard, 5 Babler Lane, St. Louis, MO 63124. [2] In the notice respondent determined a deficiency in petitioners' *321 Federal income tax in the amount of $ 19,405, together with additions to tax under section 6651(a)(1) in the amount of $ 3,875, section 6653(a)(1)(A) in the amount of $ 2,137, section 6653(a)(1)(B) in the amount of 50 percent of the interest due on the underpayment of tax, and section 6661 in the amount of $ 4,851. The notice was mailed to petitioners by certified mail, number 510789. On January 10, 1991, respondent mailed a notice of deficiency for the taxable year 1987 to Raymond Howard, A Professional Corporation, 720 Olive Street, Suite 1902, St. Louis, MO 63101. In the notice respondent determined a deficiency in this petitioner's Federal income tax in the amount of $ 93,462, together with additions to tax under *322 section 6651(a)(1) in the amount of $ 23,674, section 6653(a)(1)(A) in the amount of $ 5,290.35, section 6653(a)(1)(B) in the amount of 50 percent of the interest due on the underpayment of tax, and section 6661 in the amount of $ 23,365. The notice was mailed to petitioner by certified mail, number 510900. Petitioners filed their petition with the Court on May 21, 1992. Attached to the petition were copies of (1) Form 668-W, Notice of Levy on Wages, Salary, and Other Income, and (2) Form 668(Y), Notice of Federal Tax Lien Under Internal Revenue Laws. No notices of deficiency were attached to the petition. Respondent filed the motion to dismiss on July 24, 1992, on the ground that the petition filed by petitioners is untimely. The 90-day period for filing a petition from the notices of deficiency involved herein expired on the dates set forth below: Date of Expiration
of 90-Day Period For
Date Notice Mailed
Taxable Year
Filing Petition
January 25, 1989
1986
April 25, 1989
May 30, 1990
1987
August 28, 1990
July 2, 1990
1986
September 30, 1990
January 10, 1991
1987
April 10, 1991
None of the expiration dates shown above for the filing of a petition with the *323 Court were Saturdays, Sundays, or legal holidays in the District of Columbia. The jurisdiction of this Court is governed by statute. Sec. 7442. It is well established that to maintain an action in this Court there must be a valid notice of deficiency and a timely filed petition. Secs. 6212 and 6213; ; ; . A valid notice of deficiency has been issued if it is mailed to the taxpayer's last known address by certified or registered mail. Sec. 6212(a) and (b). If the respondent notifies the taxpayer in compliance with section 6212 by notice addressed to the taxpayer inside the United States, such taxpayer, as in this case, has 90 days after the mailing of the notice of deficiency to petition this Court for redetermination of the deficiency. Sec. 6213(a). The validity of a notice of deficiency does not depend on receipt by the taxpayer, but rather upon proper mailing to the taxpayer's last known address. , *324 affg. per curiam ; , affg. on other grounds ; . Once the notice of deficiency is mailed to the taxpayer's last known address, nothing in the Code requires respondent to take additional steps to effectuate delivery. ; Petitioners do not contend that the notices of deficiency were not mailed to their last known addresses. Based on the record, we find that the petition in this case is indeed untimely, and we shall grant respondent's Motion to Dismiss for Lack of Jurisdiction. Furthermore, an examination of the copy of the certified mail receipt for the notice of deficiency mailed on May 30, 1990, by certified mail number P 901 636 227, addressed to Raymond Jr. & Sharon Howard, reveals that it was signed by Sharon Howard. Comparing the signature on the certified *325 mail receipt to Sharon Howard's signature on a copy of the 1987 joint Federal income tax return, it is apparent that they were both signed by the same hand, indicating that petitioners did receive this notice of deficiency. Likewise, an examination of the copy of the certified mail receipt for the notice of deficiency mailed on January 10, 1991, by certified mail number 510900 addressed to Raymond Howard, A Professional Corporation, reveals that it was received by Mona Lawton for the addressee at 720 Olive. Again, we draw the inference that it was received by petitioner Raymond Howard, A Professional Corporation. In light of these revelations, petitioners' claim of nonreceipt of the notices of deficiency is rejected. To reflect the foregoing, An appropriate order of dismissal granting respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was not timely filed will be entered. Footnotes
1. All section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Because petitioners failed to file a timely petition with the Court from respondent's determinations in the notice of deficiency mailed January 25, 1989, for the 1986 taxable year, respondent was not prohibited from mailing the second notice of deficiency for 1986 on July 2, 1992. See sec. 6212(c).↩